**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (N.J. Bar No. 016631997)
Anastasia Stylianou (N.J. Bar No. 198022017)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*NTT DATA Services, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TORREY BOLDEN,<br>1701 Salem Road, Apartment F7<br>Burlington, NJ 08016<br><br>Plaintiff,<br><br>v.<br><br>NTT DATA SERVICES, LLC,<br>252 Co Road 601<br>Belle Mead, NJ 08502<br><br>7950 Legacy Drive, Suite 900<br>Plano, TX 75024<br><br>Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>***Electronically Filed*** |

**TO: THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

Defendant NTT DATA Services, LLC ("Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Somerset County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and states:

1. Plaintiff, Torrey Bolden ("Plaintiff"), purporting a residency in Burlington, New Jersey, commenced this action against Defendant on May 4, 2022, by filing a Complaint in the

Superior Court of New Jersey, Law Division, Somerset County, captioned "*Torrey Bolden v. NTT DATA Services, LLC*," and bearing Docket No. SOM-L-000500-22 ("the State Court Action"). The State Court Action is now pending in that court.

2. Defendant was served with the Summons and Complaint on July 14, 2022. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3. Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4. The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5. Specifically, Plaintiff is an individual and resident and, upon information and belief, a citizen of New Jersey, as he states he resides in Burlington, New Jersey. (*See* Ex. A, ¶2). *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

6. A limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Defendant is a limited liability company formed under the laws of the State of Delaware. It has two members: NTT DATA, Inc. and NTT Data International L.L.C.

7. NTT DATA, Inc. is a corporation formed in the state of Delaware and is headquartered in Plano, Texas. Therefore, it is a citizen of Delaware and Texas. *Id.; Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8. NTT Data International L.L.C. is a limited liability company corporation formed under the laws of the State of Delaware. Its sole member is NTT DATA Corporation, a corporation

formed under the laws of Japan and headquartered in Tokyo, Japan. Therefore, NTT Data International L.L.C is a citizen of Japan for purposes of diversity jurisdiction. *Zambelli*, 592 F.3d at 420.

9. Thus, based on the citizenship of its members, Defendant is a citizen of Delaware, Texas, and Japan.

10. Accordingly, complete diversity is established between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.

11. The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a) In the Complaint, Plaintiff alleges claims for race discrimination, a hostile work environment, and retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"). (*See* Ex. A, Complaint, ¶¶ 31-60). Plaintiff seeks compensatory damages, punitive damages, liquidated damages, emotional pain and suffering, reasonable attorneys' fees, recoverable costs, pre- and post-judgment interest, and other injunctive and equitable relief. (*See* Ex. A, Complaint, Prayer for Relief).

(b) Plaintiff's Complaint does not specify the amount he seeks to recover from Defendant. According to a reasonable reading of the Complaint and a preponderance of the evidence, Plaintiff's demand, and the amount in controversy, is in excess of $75,000. *See Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where Plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim Plaintiff has asserted and come to an independent valuation of the amount Plaintiff has claimed). Moreover, to the extent that any damages accrue during the course of litigation, the relevant timeframe for calculating damages is the expected

damages at the time of trial. *Cf. Sussman v. Capital One, N.A.*, Civ. No. 14-01945, 2014 U.S. Dist. LEXIS 151866, at *9 (D.N.J. Oct. 24, 2014).

(c) At the time of the termination of his employment with Defendant on June 19, 2020, Plaintiff's salary was approximately $71,000. Therefore, at the time of this filing, Plaintiff's purported gross lost wages are approximately $150,875.

(d) Further, to the extent Plaintiff has not obtained employment and seeks front pay or future lost earnings, such amounts must be added to the amount in controversy. *Curro v. Hd Supply*, Civ. No. 19-19198, 2020 U.S. Dist. LEXIS 114142, at *8 (D.N.J. June 29, 2020); *see Andujar v. Gen. Nutrition Corp.*, Civ. No. 14-7696, 2018 WL 1087494, at *10 (D.N.J. Feb. 28, 2018), *aff'd*, 767 Fed. App'x 238 (3d Cir. 2019) (court upheld jury award of $60,000 in front pay for plaintiff earning $15 per hour or $31,000 annually, representing approximately two years of front pay). In this case, two years of front pay at a rate of $71,000 is $142,000.

(e) Plaintiff also alleges emotional pain and suffering-related damages. Damages for alleged emotional harm are recoverable under the NJLAD and can add significantly to the amount in controversy. *Angus*, 989 F.2d at 146 (recognizing that claims for damages for emotional distress should be included in determining whether the jurisdictional amount is met). Courts have routinely upheld "garden variety" awards for emotional distress damages in excess of $75,000. *See, e.g., Quinlan v. Curtiss-Wright Corp.*, 425 N.J. Super. 335 (App. Div. 2012) (in sex discrimination case for failure to promote and retaliation, court upheld "garden variety" damages award of $405,000); *Klawitter v. City of Trenton*, 395 N.J. Super. 302 (App. Div. 2007) (in race discrimination case, court upheld a "garden variety" damages award of $79,000).

(f) In addition to the above lost wage and other compensatory damages, Plaintiff also seeks punitive damages, which further satisfy the amount in controversy. "The Court must consider the plaintiff's demand for punitive damages when calculating the amount in

controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages)).

   (g) Finally, the NJLAD provides for the recovery of attorneys' fees to the prevailing party, *N.J.S.A.*§ 10:5-27.1, and thus, such fees should be calculated as part of the amount in controversy requirement. Attorneys' fees are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski*, *supra*, at *16-17 (citation omitted).

   (h) Accordingly, aggregating these amounts, the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a).

  12. The Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

  13. Upon filing of the Notice of Removal, Defendant gave written notice thereof to David M. Koller, Esq. and Jordan D. Santo, Esq, Koller Law LLC, 2043 Locust Street, Suite 1B, Philadelphia, PA 19103, attorneys for Plaintiff Torrey Bolden, and filed copies of the Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Somerset County, pursuant to 28 U.S.C. §1446(d).

  14. By filing the Notice of Removal, Defendant does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

                                                          **LITTLER MENDELSON, P.C.**
                                                          *Attorneys for Defendant*
                                                          *NTT DATA Services, LLC*

                                      By:  *s/ Keith J. Rosenblatt*
                                                          Keith J. Rosenblatt
                                                          krosenblatt@littler.com
                                                          Anastasia Stylianou
                                                          astyliano@littler.com

Dated:   August 15, 2022

**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (N.J. Bar No. 016631997)
Anastasia Stylianou (N.J. Bar No. 198022017)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*NTT DATA Services, LLC*

| | |
|---|---|
| TORREY BOLDEN,<br>1701 Salem Road, Apartment F7<br>Burlington, NJ 08016<br><br>Plaintiff,<br><br>v.<br><br>NTT DATA SERVICES, LLC,<br>252 Co Road 601<br>Belle Mead, NJ 08502<br><br>7950 Legacy Drive, Suite 900<br>Plano, TX 75024<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br><br>DOCKET NO: SOM-L-000500-22<br><br>Civil Action<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

**TO: Clerk, Civil Division**
**Superior Court of New Jersey**
**Somerset County Courthouse**
**20 North Bridge Street**
**Somerville, NJ 08876-1262**

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant NTT DATA Services, LLC ("Defendant"), has filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey.

Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case. Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to David M. Koller, Esq. and Jordan D. Santo, Esq., Koller Law LLC, 2043 Locust Street, Suite 1B,

Philadelphia, PA 19103, attorneys for Plaintiff Torrey Bolden.

Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

        **LITTLER MENDELSON, P.C.**
        *Attorneys for Defendant*
        *NTT DATA Services, LLC*

By: *s/ Keith J. Rosenblatt*
      Keith J. Rosenblatt
      krosenblatt@littler.com
      Anastasia Stylianou
      astyliano@littler.com

Dated: August 15, 2022

**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (N.J. Bar No. 016631997)
Anastasia Stylianou (N.J. Bar No. 198022017)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*NTT DATA Services, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TORREY BOLDEN,
1701 Salem Road, Apartment F7
Burlington, NJ 08016

Plaintiff,

v.

NTT DATA SERVICES, LLC,
252 Co Road 601
Belle Mead, NJ 08502

7950 Legacy Drive, Suite 900
Plano, TX 75024

Defendant.

Civil Action No.

**APPLICATION FOR AN EXTENSION OF TIME TO ANSWER, MOVE OR OTHERWISE REPLY PURSUANT TO LOCAL CIVIL RULE 6.1(b)**

***Electronically Filed***

Application is hereby made for a Clerk's Order extending the time within which Defendant NTT DATA Services, LLC ("Defendant"), may answer, move or otherwise reply to the Complaint:

1. No previous extension has been obtained;

2. Service of Process was effectuated on Defendant on July 14, 2022;

3. Defendant timely removed this action to this Court on August 15, 2022; and

4. Defendant's time to answer, move or otherwise reply expires on August 22, 2022.

**WHEREFORE,** Defendant respectfully requests that this application for a fourteen-day extension pursuant to Local Civil Rule 6.1 be granted.

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*NTT DATA Services, LLC*

By: *s/ Keith J. Rosenblatt*
Keith J. Rosenblatt
krosenblatt@littler.com
Anastasia Stylianou
astyliano@littler.com

Dated: August 15, 2022

The above application is **ORDERED GRANTED** and the time within which Defendant may answer, move or otherwise reply is extended to September 6, 2022.

**WILLIAM T. WALSH, CLERK**

By:______________________________
Deputy Clerk

ORDER DATED:____________

**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (N.J. Bar No. 016631997)
Anastasia Stylianou (N.J. Bar No. 198022017)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*NTT DATA Services, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TORREY BOLDEN,
1701 Salem Road, Apartment F7
Burlington, NJ 08016

Plaintiff,

v.

NTT DATA SERVICES, LLC,
252 Co Road 601
Belle Mead, NJ 08502

7950 Legacy Drive, Suite 900
Plano, TX 75024

Defendant.

Civil Action No.

**CERTIFICATION OF SERVICE**

***Electronically Filed***

**KEITH J. ROSENBLATT**, of full age, hereby certifies as follows:

1. I am an attorney-at-law with the law firm of Littler Mendelson, P.C., counsel for NTT DATA Services, LLC ("Defendant"), in the above-captioned action. I am familiar with the facts set forth in this Certification.

2. On August 11, 2022, I caused a true and correct copy of Defendant's:

a) Notice of Removal (with exhibit);

b) Notice of Filing of Notice of Removal;

c) Application for Extension of Time to Answer, Move or Otherwise Reply; Pursuant to Local Civil Rule 6.1(b);

    d) Rule 7.1 Disclosure Statement;

e) Civil Cover Sheet; and

f) this Certification of Service

to be served, via email upon:

David M. Koller, Esq. and Jordan D. Santo, Esq.
Koller Law LLC
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com
iordansgkollerlawfirm.com
*Attorneys for Plaintiff*
*Torrey Bolden*

I certify under penalty of perjury that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*s/ Keith J. Rosenblatt*
Keith J. Rosenblatt
krosenblatt@littler.com

Dated: August 15, 2022