# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
07/14/2022
CT Log Number 541916632

## Service of Process Transmittal Summary

**TO:** Vicki Trogdon
NTT DATA SERVICES LLC
7950 LEGACY DR STE 1100
PLANO, TX 75024-4164

**RE:** Process Served in Texas

**FOR:** NTT Data Services, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Torrey Bolden // To: NTT Data Services, LLC |
| **CASE #:** | SOML00050022 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/14/2022 at 12:54 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Vicki Trogdon  vicki.trogdon@nttdata.com |
| | Email Notification,  Chris Stidvent  chris.stidvent@nttdata.com |
| | Email Notification,  Megan Bartlett  megan.bartlett@nttdata.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
866-665-5799
SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jul 14, 2022
**Server Name:** Stephen Buskirk

| Entity Served | NTT DATA SERVICES, LLC |
|---|---|
| Case Number | SOM-L-000500-22 |
| Jurisdiction | TX |

| Inserts | |
|---|---|
| | |



# SUMMONS

*SCB PSC1981*
*HFF22*
*7-14-22*

Attorney(s) David M. Koller, Esquire
Office Address 2043 Locust Street, Suite 1-B
Town, State, Zip Code Philadelphia, PA 19103

Telephone Number 215-545-8917
Attorney(s) for Plaintiff David M. Koller, Esquire

Torrey Bolden

Plaintiff(s)

vs.

NTT Data Services, LLC

Defendant(s)

**Superior Court of New Jersey**

Somerset County
Law Division
Docket No: SOM-L-000500-22

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 5/12/2022

Name of Defendant to Be Served: NTT Data Services, LLC

Address of Defendant to Be Served: 252 Co Road 601, Belle Mead, NJ 08502

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)                    *Counsel for Plaintiff*
Jordan D. Santo, Esq. (152892015)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE SUPERIOR COURT OF NEW JERSEY**
**OF SOMERSET COUNTY**
**LAW DIVISION - CIVIL**

| | | |
|---|---|---|
| **TORREY BOLDEN,**<br>**1701 Salem Road, Apartment F7**<br>**Burlington, NJ 08016**<br>      **Plaintiff,** | : <br> : <br> : <br> : <br> : | **Docket No.** |
|       v. | : | **Complaint and Jury Demand** |
| **NTT DATA SERVICES, LLC,**<br>**252 Co Road 601**<br>**Belle Mead, NJ 08502** | : <br> : <br> : <br> : | |
| **7950 Legacy Drive, Suite 900**<br>**Plano, TX 75024**<br>      **Defendant.** | : <br> : <br> : | |

## CIVIL ACTION

Plaintiff, Torrey Bolden (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against NTT Data Services, LLC (hereinafter "Defendant"), for violations of the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, NTT Data Services, LLC is a global IT services provider with a location at 252 Co Road 601, Belle Mead, NJ 08502 and with a corporate headquarters located at 7950 Legacy Drive, Suite 900, Plano, TX 75024.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The facts and circumstances which gave rise to this Complaint occurred in and around Somerset County and therefore jurisdiction and venue are proper in this Court.

## MATERIAL FACTS

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. Plaintiff is an African American male.

10. On April 27, 2020, Defendant hired Plaintiff as a Field Services Supervisor.

11. Plaintiff was well qualified for his position and performed well.

12. Plaintiff worked remotely until he was placed at his first site at Carrier Clinic, on April 30, 2020.

13. While at Carrier Clinic, Mr. Bolden was to work with Peter Schwartz (Caucasian), Meridian Health IT Director, as part of NTT's takeover of Carrier Clinic's desktop support from Meridian Health.

14. From the start, Mr. Schwartz was immediately overtly rude and passive aggressive towards Plaintiff.

15. The following day on, May 1, 2020, Mr. Schwartz continued his behavior and treatment of him.

16. Specifically, while Plaintiff was sitting down, Mr. Schwartz unbuttoned his jacket and thrust his hips towards his face.

17. Plaintiff felt that Mr. Schwartz was treating him in this way because of his race.

18. On May 2, 2020, Plaintiff sent an email to Mr. Schwartz and Jacquelyn Mendonca, NTT Field Service Delivery Manager and his supervisor.

19. In the e-mail, Plaintiff complained about Mr. Schwartz's behavior and requested that he cease it immediately.

20. The email was a complaint of race discrimination.

21. The following day, Ms. Mendonca instructed Plaintiff to recall his email and informed Plaintiff that they would go over the situation, so they she could understand why he "would write that email."

22. After Plaintiff explained the situation to Ms. Mendonca, she agreed that the behavior was inappropriate and stated that she would bring the matter to upper management.

23. Ms. Mendonca proceeded to then remove Plaintiff from the Carrier Clinic site and assigned Plaintiff back to work remotely.

3

24. Ms. Mendonca indicated this switch would be temporary until a new site was identified for Plaintiff to work at.

25. However, Defendant never placed Plaintiff at a new location.

26. Plaintiff was placed on administrative leave pending the results of Defendant's investigation into Plaintiff's complaint of discrimination and harassment.

27. Upon information and belief, there were multiple available locations where Plaintiff could have been placed.

28. Defendant did not place Plaintiff at any locations.

29. Instead, on June 19, 2020, Defendant proceeded to terminate Plaintiff.

30. It is Plaintiff's position that he was discriminated against due to his race and retaliated against for engaging in protected activity in violation of the NJLAD.

## COUNT I – RACE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

31. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

32. Plaintiff is a member of protected classes in that he is African American.

33. Plaintiff was qualified to perform the job for which he was hired.

34. Plaintiff suffered adverse job actions, including, but not limited to, termination.

35. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

36. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

37. Defendants discriminated against Plaintiff on the basis of race.

38. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

39. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

40. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – HOSTILE WORK ENVIRONMENT
## NEW JERSEY LAW AGAINST DISCRIMINATION

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a member of protected classes in that he is African American.

43. Plaintiff was subjected to the above harassment by Mr. Schwartz.

44. Mr. Schwartz's harassment of Plaintiff was severe and/or pervasive.

45. Plaintiff suffered intentional discrimination because of his membership in a protected class – race.

46. Such discrimination and/or harassment detrimentally affected Plaintiff.

47. Such discrimination would have detrimentally affected a reasonable individual in Plaintiff's protected class.

48. A reasonable person of the same protected class as Plaintiff also would have found Mr. Schwartz's conduct to be severe and/or pervasive harassment.

49. Others outside of Plaintiff's protected class were not subjected to the same kind of harassment.

50. Defendant knew or should have known about the hostile work environment and harassment created by Mr. Schwartz.

51. Defendant failed to take reasonable care to prevent and promptly correct the harassing

5

behavior.

52. Plaintiff suffered tangible adverse employment actions as alleged herein.

53. The work environment was so hostile and/or abusive as to materially affect the conditions of Plaintiff's employment.

54. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

55. As a result of Defendant's aforementioned conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff engaged in activity protected by the NJLAD when he complained to his supervisor about the race discrimination.

58. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

59. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

60. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Torrey Bolden, requests that the Court grant him the following relief against Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the NJLAD.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law,

7

equity and the statutory provisions sued hereunder.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, David M. Koller, Esq. is hereby designated as trial counsel for Plaintiff in this action.

## CERTIFICATION

Pursuant to R. 4:5-1(b)(2), it is hereby certified that, to the best of my knowledge, the matter in controversy is not subject o any other action pending in court or arbitration proceedings, and no other action is contemplated. At this time, no additional parties are anticipated to be added to this action, however the individuals named above, presently non-parties though agents of Defendant, could be subject to joinder because of potential liability to one or both of the parties on the basis of the same transactional facts.

I hereby also certify that to the best of my knowledge, and after diligent inquiry, the statements in the Complaint are true and correct. I understand that if any of the foregoing is willfully false, I am subject to punishment.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 4, 2022    By:   */s/ David M. Koller*
David M. Koller, Esquire (037082002)
Jordan D. Santo, Esquire (152892015)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com
*Counsel for Plaintiff*

8

# Civil Case Information Statement

**Case Details: SOMERSET | Civil Part Docket# L-000500-22**

**Case Caption:** BOLDEN TORREY VS NTT DATA SERVICES, L LC
**Case Initiation Date:** 05/04/2022
**Attorney Name:** DAVID M KOLLER
**Firm Name:** KOLLER LAW LLC
**Address:** 2043 LOCUST ST STE 1B
PHILADELPHIA PA 19103
**Phone:** 2155458917
**Name of Party:** PLAINTIFF : BOLDEN, TORREY
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: TORREY BOLDEN?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/04/2022
Dated

/s/ DAVID M KOLLER
Signed